**JAMES WILLIAMSON and ELIZA, his Wife, late Eliza Smith, v. JOHN SMITH, late Guardian of Ebenezer Smith.**

Orphans' Court. New Castle. April 18, 1820.

*Ridgely's Notebook III, 82.*

*Mr. Read* for respondent. August 22, 1818, advertisement of James Williamson, one of the appellants: notice not to trust his wife etc. May 27, 1799, valuation of real estate of Reverend Thomas Smith. Ebenezer's share $458.68 (principal and interest of this share is accounted for).

Deposition of Thomas Smith, 47 years.

*Read* for the respondent objected that this appeal cannot be sustained because there were not proper parties before the court. This appeal, he said was prosecuted by James Williamson and Eliza, his wife, which Eliza is the sister and one of the heirs at law of Ebenezer Smith, deceased; whereas the executor or administrator of Ebenezer Smith should be the appellant, and not the heir; and if there is no executor or administrator then an administration should be raised to entitle a person to prosecute the appeal. He referred to the case of *Noxon et al. v. Pearce, Executor of Henry Ward Pearce,* an appeal in the Orphans' Court

brought by an heir at law, wherein it was adjudged necessary and ordered that the administrator *d. b. n.* of the person who was entitled to the estate should be made a party.

*Mr. Johns,* for the appellant, replied that the appellants Williamson and his wife, were concerned in the account and by the constitution were entitled to prosecute the appeal.

THE CHANCELLOR said the appeal cannot be sustained. The personal representative of Ebenezer Smith should be a party. If no administrator has been raised, one should be raised to prosecute the appeal. The respondent, the former guardian of Ebenezer Smith, cannot pay the balance to the heirs, for it should go into the hands of an executor or administrator. The heir could not prosecute a suit at law against the guardian. The bond given by the guardian could only be sued by an administrator or executor, and consequently the heir cannot appeal from the decree of the Register on passing this guardian account. "Persons concerned" mean persons legally entitled to receive or sue as representing or standing in the place of the deceased ward. Let the party raise an administrator and then appeal, if he pleases. The appeal must be dismissed for want of proper parties appellant.

Decree made.